## CIRCUIT COURT OF WISE COUNTY

Walter Michael Baber

v.

City of Norton

September 19, 2002

Case No. C02-362

BY JUDGE FORD C. QUILLEN

The question before the Court is whether a full-time employee of the City of Norton forfeits his rights to grieve his dismissal because the City had previously taken "disciplinary actions" against the petitioner. The disciplinary action taken by the City of Norton is classified as "probation;" however, the term "probation" is not used in the Norton or State Grievance Procedures, which procedures are limited to *disciplinary actions, including dismissals.* The City of Norton avers that if an employee fails to file a grievance after being placed on probation, he has forfeited his rights to later file a grievance on the ultimate disciplinary action of dismissal. The City of Norton relies upon a provision in their Grievance Procedure, which says that only those eligible for the grievance procedure are "*all non-probationary local government permanent full time and part-time.*" *See* B.1(a).

The City of Norton employee handbook as well as the grievance procedure adopted do not grant any authority for the City to adopt a disciplinary action of *probation* or deny an employee the right to grieve a dismissal. See City of Norton Definition, "*provided that the dismissals shall be grievable whenever resulting from formal discipline or unsatisfactory job performance. . . .*" *Probation* by legal definition normally entails a waiting period before a person can be considered a full-time employee. The only definition in the City of Norton employee handbook in regard to this issue is as follows: "*A regular 'full-time employee' is an employee who has completed 90 days of full-time, continuous employment and works a normal workweek,*

*in accordance with an established schedule of at least 40 hours per week on an annual basis, with overtime hours as required.*" The Court believes that the only interpretation that can be given to the language of non-probationary employees would be those that are within the 90-day waiting period. In this particular case, it is conceded by both parties that the petitioner has completed the 90-day waiting period and was therefore a permanent full-time employee.

The action taken by the City of Norton must be reconciled with the State statute and the grievance procedure adopted by the City of Norton. The State statute and the grievance procedure adopted by the City of Norton are identical. For the purposes of this memorandum, the Court will place in this letter the pertinent provisions:

> C. DEFINITION OF GRIEVANCE
>
> 1. A grievance shall be a complaint or dispute by an employee relating to his employment, including but not necessarily limited to (i) disciplinary actions, including dismissals, disciplinary demotions, and suspensions, *provided that dismissals shall be grievable whenever resulting from formal discipline or unsatisfactory job performance. . . .*

By the enactment of the Virginia statute, the Virginia Legislature required the locality to protect employees' rights to file grievances, either by the state provisions or by their own comparable provisions. As stated, in this particular case, the City of Norton adopted the identical definition of grievance as in the Virginia statute, which is Va. Code § 15.2-1507.

The definition of grievance adopted by the City of Norton would not allow dismissal of an employee without the right to grieve this dismissal. It is clear to the Court that the definition adopted by the City of Norton and the State is that a dismissal would always be grievable when one has attained the status of regular full-time employee under the code of the City of Norton. It is also noted that, under Virginia Code § 9.1-502, law enforcement officers are granted the absolute right to file a grievance upon dismissal.

The Court further finds that the procedure of disciplining a permanent full-time employee by placing him on "probation" for a period of time and subsequently dismissing him without allowing him any grievance procedure is a way of sidestepping the provisions set out in Virginia Code § 15.2-1507. The effect of the actions of the City of Norton would make an employee again an at-will employee who could be dismissed the very next day without any cause. The language found in the Code of Virginia and the Norton Grievance Procedure is clear that dismissals shall always be grievable whenever resulting

from formal discipline or unsatisfactory job performance. At a minimum, any *probationary action* would have to be considered by the Court as a *formal disciplinary action* which would allow the petitioner a right to grieve his dismissal, and as stated in the grievance procedure, "*dismissals shall be grievable whenever resulting from formal discipline. . . .*" An interpretation that a probationary action would create an at-will employee instead of being a formal disciplinary action would be in contravention of the Virginia State Code and the City of Norton Grievance Procedure.

If the City of Norton's interpretation is allowed, what is to keep any locality from dismissing any employee at will by use of the probationary procedure? The Court finds that the City of Norton has no authority to change the status of a permanent full-time employee to that of a probationary employee. See *City of Norfolk v. Kohler*, 234 Va. 341 (1987), which held that an employee had a vested right to civil service termination procedures.

The ultimate punishment of any employee would be dismissal. To allow Norton, or any city, to define a "disciplinary action" as a "probation" and thus forfeit an employee's ultimate rights to grieve a dismissal would be in contravention of the Code of Virginia and the grievance procedure adopted by the City of Norton, citing the DEFINITION OF GRIEVANCE, "*provided that dismissals shall be grievable whenever resulting from formal discipline or unsatisfactory job performance. . . .*" The Court finds that this language requiring a grievance hearing if requested on a dismissal is absolute.

The disciplinary action of "probation" is found nowhere in the Norton Grievance Procedure or State Grievance Act and does not contain any notice provision advising the employee that, if he fails to file a grievance of his probation, he could then be dismissed without the right to file a grievance. The failure of the City of Norton Grievance Procedure to contain this information amounts to entrapment of an unwary employee and, in this Court's opinion, violates an employee's due process.

A full-time employee or a person who has completed a waiting period prior to becoming a full-time employee cannot thereafter lose his right to request a grievance upon dismissal. The statute and procedures adopted by Norton do not allow disciplinary actions to forfeit one's right to file a grievance upon dismissal.